# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Chad Douglas Horneck ,<br><br>               Plaintiff,<br><br>    v.<br><br>Commissioner of Social Security,<br><br>               Defendant. | **No.  1:25–CV–01040–HBK SS**<br><br>SOCIAL SECURITY CASE<br>SCHEDULING ORDER |

     Plaintiff seeks judicial review of an administrative decision of the Commissioner of Social Security denying a claim for disability benefits under the Social Security Act.  This case is before the undersigned pursuant to 42 U.S.C.§§405(g), 1383(c)(3) and Eastern District of California Local Rule 302(c)(15).

     Parties may consent to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c) by filing a "Consent to Assignment or Request for Reassignment" form.  There is no obligation to consent, and the judges will not be notified of a party's designation unless all parties have consented.  *See* Fed. R. Civ. P. 73(b)(1).  If any party requests reassignment to a United States District Judge, the Clerk of the Court will assign a random District Judge as presiding judge, with the Magistrate Judge continuing for those purposes anticipated by the Local Rules.  <u>Within 60 days, all parties shall complete and return the enclosed Consent to Assignment or Request for Reassignment form.</u>

/////

Under Federal Rule of Civil Procedure 16(b), it is **ORDERED:**

1. In an action for judicial review filed by a single plaintiff solely against the Commissioner of Social Security Administration (defendant) that raises claims pursuant to 42 U.S.C. § 405(g) only, service on the defendant shall proceed under the Court's E-Service program as follows. Once a summons is issued, the Clerk of Court shall deliver to the Commissioner of Social Security Administration and the United States Attorney's Office at their designated email addresses a notice of electronic filing of the action along with the summons and complaint. The Commissioner has agreed not to raise a defense of insufficient service of process if provided with notice of a complaint as detailed in this order. This order is not intended to prevent parties from making any other motions that are appropriate under the Federal Rules of Civil Procedure.

2. **No later than 60 days after e-service of the complaint**, defendant shall file a copy of the administrative record. The filing of the administrative record shall be deemed an answer to the complaint. The administrative record shall be filed electronically, and to the extent practicable in Optical Character Recognition ("OCR") format.

3. **Within 30 days after service of the administrative record**, plaintiff shall file the motion for summary judgment.

4. **Within 30 days after service of plaintiff's motion for summary judgment**, defendant shall file the cross-motion for summary judgment and opposition.

5. **Within 14 days after filing of defendant's cross-motion for summary judgment and opposition,** plaintiff shall file any optional reply brief.

6. In those cases where a Federal Rule of Civil Procedure 12 motion to dismiss is warranted, the defendant shall file a motion to dismiss in lieu of filing the administrative record. The motion to dismiss shall be filed within 60 days of service of the complaint. The opposing brief shall be filed within 14 days after service of the motion. The reply brief shall be filed within 7 days after service of the opposition brief. The motion to dismiss shall NOT be noticed for hearing.

7. All references to the record and all assertion of fact must be accompanied by citations to the record. The opening and responsive brief shall contain the following:

/////

      (a)    A description of the plaintiff's alleged physical or emotional impairments, including when the plaintiff contends the impairments became disabling, and how these impairments disable the plaintiff from work;

      (b)    A summary of <u>relevant</u> medical evidence, including an explanation of the significance of clinical and laboratory findings and the purpose and effect of prescribed medication and therapy;

      (c)    A summary of the <u>relevant</u> testimony at the administrative hearing;

      (d)    A recitation of the defendant's findings and conclusions relevant to the plaintiff's claims;

      (e)    A short, separate statement of each of the plaintiff's legal claims stated in terms of the insufficiency of the evidence to support findings of fact or reliance upon an erroneous legal standard; and

      (f)    Argument separately addressing each claimed error. Argument in support of each claim of error must be supported by citation to legal authority and explanation of the application of such authority to the facts of the particular case. Briefs that do not substantially comply with these requirements will be stricken.

    8.    Motions for attorney fees shall be filed within 30 days after entry of final judgment.

    9.    Requests for modification of this briefing schedule will not routinely be granted. Any such request must be made by motion, even if stipulated to by the other party, and will be granted only for good cause shown. Fed. R. Civ. P. 6(b)(1)(A); Fed. R. Civ. P. 16(b)(4). A request for modification brought on the filing deadline will be looked upon with disfavor. Local Rule 144(d). A party seeking *nunc pro tunc* modification must show both excusable neglect and good cause. Fed. R. Civ. P. 6(b)(1)(B).

    10.    Violations of this Order, the Federal Rules of Civil Procedure, or the Local Rules may result in sanctions pursuant to Local Rule 110.

                                                        /s/ Helena Barch-Kuchta
                                                        UNITED STATES MAGISTRATE JUDGE